**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-4246**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

KENNETH RAGAN-ARMSTRONG, a/k/a Keezy,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:13-cr-00229-GLR-16)

———————

Submitted:  March 20, 2023                          Decided:  April 20, 2023

———————

Before HEYTENS, Circuit Judge, and MOTZ and KEENAN, Senior Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, OFFICE OF UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Ragan-Armstrong pled guilty pursuant to a plea agreement to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1), and using, carrying, and brandishing a firearm during and in relation to and in furtherance of crimes of violence, in violation of 18 U.S.C. §§ 2, 924(c) (Count 9). In the plea agreement, the parties stipulated and agreed pursuant to Fed. R. Crim. P. 11(c)(1)(C) that a sentence of between 120 and 205 months' imprisonment was the appropriate disposition of the case, and in 2014 the district court sentenced Ragan-Armstrong to 109 months' imprisonment on Count 1 and a consecutive term of 84 months' imprisonment on Count 9, for a total prison term of 193 months. This court dismissed Ragan-Armstrong's initial appeal. Ragan-Armstrong's conviction on Count 9 later was vacated, and at resentencing in 2021, the district court calculated his advisory imprisonment range under the U.S. Sentencing Guidelines Manual at 97 to 121 months. The court imposed an upward variance and sentenced Ragan-Armstrong to 193 months' imprisonment and three years of supervised release.

On appeal from the amended criminal judgment, Ragan-Armstrong's counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising as an issue for review whether the district court procedurally erred when it imposed the 193-month prison term without addressing the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. Ragan-Armstrong filed a pro se supplemental brief in which he questions whether: (1) his prison sentence imposed

2

on resentencing violates the Double Jeopardy Clause of the Constitution; (2) the Government breached the plea agreement; (3) there is an unwarranted sentencing disparity among similarly situated defendants; (4) the district court abused its discretion by not addressing the nonfrivolous argument made by counsel regarding an unwarranted sentencing disparity, by not considering Ragan-Armstrong's mental health issues and other mitigating issues, and by telling counsel the court did not want to hear from counsel; and (5) the prosecuting attorney acted vindictively and violated Ragan-Armstrong's right to due process at the resentencing hearing.  The Government did not file a response brief.

After conducting our *Anders* review, we ordered supplemental briefing to address the potentially meritorious issues of (1) whether the Government had breached the plea agreement at resentencing by stating that Ragan-Armstrong's total offense level under the Sentencing Guidelines was 28, and (2) whether there is reversible error in this case under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021).  The parties filed supplemental briefs addressing these issues.[*]

We have reviewed the record with regard to the issues raised in Ragan-Armstrong's counsel's *Anders* brief, Ragan-Armstrong's pro se supplemental brief, and in the supplemental briefing ordered by this Court, and we find no reversible error.  In accordance

---

[*] The Government has not asserted that the appellate waiver in Ragan-Armstrong's plea agreement bars this appeal.  We therefore may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*.  *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

3

with *Anders*, we also have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We thus affirm the amended criminal judgment.

This court requires that counsel inform Ragan-Armstrong, in writing, of the right to petition the Supreme Court of the United States for further review.  If Ragan-Armstrong requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Ragan-Armstrong.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*